# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **LARRY JAMES ALLEN** | **CIVIL ACTION NO. 6:20-CV-00198** |
| **VERSUS** | **JUDGE JUNEAU** |
| **LOWE'S HOME CENTERS, LLC** | **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM RULING

Before the Court is the Motion for Summary Judgment, Rec. Doc. 13, filed by Defendant Lowe's Home Centers, LLC. Noting that no party has filed an opposition to the motion,[1] the Court has nevertheless reviewed the full record in the case, including the pleadings, the Plaintiff's deposition, the instant motion, the submitted evidence, and the relevant law to reassure itself of the propriety of the motion before granting summary judgment against a *pro se* litigant.[2] Based on that review, the Court finds that there is no evidence that the Defendant created or had actual or constructive notice of the hazard that caused the Plaintiff's injury; thus, the Plaintiff cannot carry his burden of proof under the Louisiana Merchant Liability Act.

---

[1] "A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact, and unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). However, failure to file an opposition and statement of contested material facts requires the Court to deem Defendant Lowe's statement of uncontested material facts, Rec. Doc. 13-1, admitted for purposes of the motion. Local Rule 56.2W.

[2] Fed. R. Civ. P. 56(e)(4) advisory committee's note to 2010 amendment.

Accordingly, **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that:

Defendant's Motion for Summary Judgment, Rec. Doc. 13, is **GRANTED**;

The hearing in this matter set for September 11, 2020 at 10:30 a.m. is **CANCELLED**, along with all other proceedings and deadlines contained in the Court's previous Scheduling Order, Rec. Doc. 9, that have not yet passed; and,

The Plaintiff's claims are **DISMISSED**, with prejudice.

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 3rd day of September, 2020.

MICHAEL J. JUNEAU
UNITED STATES DISTRICT JUDGE